# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 17-cv-22130-GAYLES

J. ANTONIO PARKER,

        **Plaintiff,**

    **v.**

BAY MEMORIAL HOPSITAL, et al.,

        **Defendants.**

_____/

### <u>ORDER DISMISSING CASE</u>

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. On June 7, 2017, Plaintiff J. Antonio Parker, appearing *pro se*, filed a Complaint and a Motion for Leave for Proceed *In Forma Pauperis* [ECF No. 1, 4].   Because the Plaintiff has moved to proceed *in forma pauperis*, the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e), are applicable. Pursuant to that statute, the court is permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2).

The standards governing dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those governing dismissals under Federal Rule of Civil Procedure 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. To survive a motion to dismiss, a claim "must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). In reviewing the Complaint, the Court must apply the "liberal construction to which pro se pleadings are entitled." *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998). However, liberal construction cannot serve as a substitute to establishing a valid cause of action. *See GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer,* 562 U.S. 521, 530 (2011).

It is difficult to discern any rational claims from Plaintiff's Complaint. The Complaint is filled with random words and incoherent and incomplete sentences. Accordingly, Plaintiff fails to state a claim upon which any relief may be granted, and his Complaint shall be dismissed pursuant to Section 1915(e)(2)(B)(ii).

Based thereon, it is

**ORDERED AND ADJUDGED** that the Plaintiff's Motion to Proceed *In Forma Pauperis* [ECF No. 4] is **DENIED**, and the Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**. This action is **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 15th day of June, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE